NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID CAMACHO-GUERRERO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5313

Agency No.
A095-724-076

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge [***]

David Camacho-Guerrero, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal of an Immigration Judge's ("IJ") denial of his applications for cancellation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA adopts the decision of the IJ and affirms without opinion, we review the decision of the IJ as the final agency determination." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review mixed questions of law and fact, including the "exceptional and extremely unusual hardship" inquiry for cancellation of removal, for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

1. Substantial evidence supports the IJ's conclusion that Petitioner failed to establish that a qualifying relative would suffer "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). While Petitioner testified credibly to the emotional and economic impact that his departure would have on his adult citizen daughter, Petitioner failed to demonstrate that his daughter would suffer "hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1007.

2. Petitioner also seeks review of the IJ's denial of asylum, withholding of removal, and CAT protection. The Government argues that Petitioner has

waived these claims. We agree.

When a petition fails to "specifically and distinctly argue[] and raise[]" issues for relief, "[Petitioner] has waived that claim." *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (citation omitted). Petitioner makes only conclusory arguments as to his eligibility for asylum and withholding of removal, and fails to challenge the IJ's denial of his application for protection under the Convention Against Torture entirely. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. . . . [A] bare assertion does not preserve a claim.").

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal (Dkt. No. 3) is **DENIED** as moot.